DOMINIC LANZA
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
District of Arizona
MICHAEL P. JETTE
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: michael.jette@usdoj.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>4570 South Century Road, Tucson, Arizona, together with any and all improvements, fixtures and appurtenances attached thereto and thereon;<br><br>$53,673.72 in U.S. currency seized from Community Bank of Western Springs, account number 0400067153, account holder Anthony V. Occhipinti;<br><br>$7,296.08 in U.S. currency seized from JP Morgan Chase, account number 984188110, account holder Tawney L. Waner;<br><br>One 2015 Harley-Davidson FLTRX Road Glide Special, VIN 1HD1KTM15FB685630;<br><br>One 2003 Ford Excursion Limited, VIN 1FMSU43P13EB66818;<br><br>One 1993 GMC Typhoon, VIN 1GDCT18Z4P0811397;<br><br>One 2000 Harley-Davidson, VIN 1HD1CGP16YK110410,<br><br>Defendants. | CIV<br><br>STIPULATED COMPLAINT FOR FORFEITURE IN REM |

Plaintiff, United States of America, by and through its undersigned attorneys, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.     That this is a civil action in rem brought to enforce the provisions of Title 18, United States Code, Section 981(a)(1)(A) for the forfeiture 4570 South Century Road, Tucson, Arizona, together with any and all improvements, fixtures and appurtenances attached thereto and thereon, which constitutes property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and 1957.

2.   That this is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Section 881(a)(6) for the forfeiture of $53,673.72 in U.S. currency seized from Community Bank of Western Springs, account number 0400067153, account holder Anthony V. Occhipinti; $7,296.08 in U.S. currency seized from JP Morgan Chase, account number 984188110, account holder Tawney L. Waner; one 2015 Harley-Davidson FLTRX Road Glide Special, VIN 1HD1KTM15FB685630, one 1993 GMC Typhoon, VIN 1GDCT18Z4P0811397; and one 2000 Harley-Davidson, VIN 1HD1CGP16YK110410, which constitute the proceeds of narcotics trafficking, or are traceable to narcotics trafficking.

3.   That this is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Section 881(a)(4) for the forfeiture of one 2003 Ford Excursion Limited, VIN 1FMSU43P13EB66818, which was used or was intended for use to transport or facilitate the transportation, sale, receipt, possession, or concealment of narcotics.

## JURISDICTION AND VENUE

4.   That this Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355(a).

5.   That this Court has in rem jurisdiction pursuant to Title 28, United States Code,

Section 1355(b).

6.   Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district, pursuant to Title 28, United States Code, Section 1395 because the properties located in this district, and pursuant to Title 18, United States Code, Section 981(h) and Title 21, United States Code, Section 881(j) because the criminal prosecution of the owner of the properties has been brought in this district.

## **THE DEFENDANTS IN REM**

7.   The first defendant is real property known as and located at 4570 South Century Road, Tucson, Arizona, together with any and all improvements, fixtures and appurtenances attached thereto and thereon, with Pima County Assessor's parcel number 119-44-054R more particularly described as:

New Parcel C

That Portion Of Parcels B And C, As Shown On The Record Of Survey As Recorded In Book 59 Of Surveys, At Page 24, Pima County, Arizona Records, Located In The South Half Of The North Half Of The Southeast Quarter Of Records Of Survey Being A Portion Of Section 31, Township 14 South, Range 13 East, Gila And Salt River Base And Meridian, Pima County, Arizona, More Particularly Described As Follows:

Beginning At The Northeast Corner Of Said Parcel C;
Thence South 00°05'09" West, A Distance of 337.00' To A Point;
Thence South 89°25'21" West, A Distance of 420.86' To A Point;
Thence North 00°05'09" East, A Distance of 404.02' To A Point;
Thence South 56°46'21" East, A Distance of 120.49' To A Point;
Thence North 89° 25'11" East, A Distance of 320.01' To A Point;
To The Point Of Beginning

Containing 3.33 Acres Or 145212.59 Square Feet More or Less

(hereinafter Defendant Real Property).   The record owner of the property is Tawney Lacy.

8.   That the Defendant Real Property has not been seized but is presently within the District of Arizona and within the jurisdiction of this Court.   The United States does not request authority from the Court to seize the Defendant Real Property at this time.   The United States will, as provided by Title 18, United States Code, Section 985(b)(1) and

(c)(1): (A) post notice of this action and a copy of the Complaint on the Defendant Real Property, and (B) service notice of this action on the Defendant Real Property owners, and any other person or entity who may claim an interest in the Defendant Real Property, along with a copy of this Complaint, and (C) file a Lis Pendens against the Defendant Real Property.

9.  The second defendant is $53,673.72 in U.S. currency seized from Community Bank of Western Springs, account number 0400067153, account holder Anthony V. Occhipinti (hereinafter "Defendant Bank Account One").

10. The third defendant is $7,296.08 in U.S. currency seized from JP Morgan Chase, account number 984188110, account holder Tawney L. Waner (hereinafter "Defendant Bank Account Two").

11. The fourth defendant is one 2015 Harley-Davidson FLTRX Road Glide Special, VIN 1HD1KTM15FB685630 (hereinafter "Defendant Vehicle One").  The registered owner is Anthony Occhipinti.

12. The fifth defendant is one 2003 Ford Excursion Limited, VIN 1FMSU43P13EB66818 (hereinafter "Defendant Vehicle Two").  The registered owner is Anthony Occhipinti.

13. The sixth defendant is one 1993 GMC Typhoon, VIN 1GDCT18Z4P0811397 (hereinafter "Defendant Vehicle Three").  The registered owner is Anthony Occhipinti.

14. The seventh defendant is one 2000 Harley-Davidson, VIN 1HD1CGP16YK110410 (hereinafter "Defendant Vehicle Four"). The registered owner is Thomas W. Goerdt.

15. Defendant Bank Account One, Defendant Bank Account Two, Defendant Vehicle One, Defendant Vehicle Two, and Defendant Vehicle Three were seized pursuant to federal seizure warrants issued from the District Court for the District of Arizona and are presently in the custody of the U.S. Customs and Border Protection within the jurisdiction of this Court and will remain therein throughout the course of these proceedings.  Defendant

Vehicle Four was seized during the execution of a search warrant issued from the District Court for the District of Arizona.  Defendant Vehicle Four is presently in the custody of the U.S. Customs and Border Protection within the jurisdiction of this Court and will remain therein throughout the course of these proceedings.

16. BASIS FOR FORFEITURE

BACKGROUND

On June 29, 2017, Anthony Vincent OCCHIPINTI, Tawney Lace WANER, and seven others were indicted in the District of Arizona (CR-17-1029-TUC-RCC) for violations of 21 U.S.C. §§ 841 & 846, 18 U.S.C. §§ 1956 & 1957, and other federal statutes. At the time of indictment, OCCHIPINTI was in prison in the Chicago, Illinois area after being indicted on May 3, 2016 in the Norther District of Illinois for separate violations of 21 U.S.C. § 841(a)(1).

In 2010, OCCHIPINTI was arrested in Lake in the Hills, IL for transporting approximately 200 pounds of marijuana that was purchased in Arizona from a co-conspirator (VERA) in this investigation.  During an interview, OCCHIPINTI stated that he continued to purchase between 200 to 1,000 pounds of marijuana per month and transport it from Tucson, Arizona to Chicago, Illinois.  This activity continued until 2013 when OCCHIPINTI's case was adjudicated and he was sentenced to approximately 10 months in a prison work camp in Illinois.

Special Agents learned that within weeks of OCCHIPINTI being released from his prison work camp on April 19, 2014, he started traveling to Arizona to again purchase marijuana from VERA and ship it to Chicago.  OCCHIPINTI used his cousin, Joe SORCE (co-defendant in CR-17-1029-009-TUC-RCC) to set up warehouses in Tucson and Chicago and also to utilize his contacts in the trucking business to broker transportation.  For SORCE's efforts, he was paid $10,000 per transport.  On average, OCCHIPINTI would purchase marijuana once per month from VERA.  The FBI in Chicago, Illinois, running a parallel investigation, developed a Confidential Human Source who stated that OCCHIPINTI would provide him/her with approximately 20lbs of marijuana twice a month

starting in April of 2014; stating that OCCHIPINTI would "front" the CHS the marijuana and be paid upon the sale of it.  The CHS was paying approximately $600 per pound of marijuana.  The same CHS stated that in August or September of 2014 OCCHIPINTI contacted the CHS and asked if he/she was interested in cocaine. OCCHIPINTI provided the CHS with between 8-10 kilograms of cocaine between August/September 2014 and December 2014.  OCCHIPINTI told the CHS that the cocaine came from OCCHIPINTI's supplier in Arizona.  He stated that he (OCCHIPINTI) takes money to Arizona to pay for the cocaine, ships it to Las Vegas and then from Las Vegas it is placed on a truck and delivered to Chicago.  On February 9, 2015 an FBI CHS purchased approximately 1 kilogram of cocaine from OCCHIPINTI.  The CHS paid OCCHIPINTI $30,000 for this kilogram of cocaine.

On April 6, 2016, OCCHIPINTI was observed at a previously identified warehouse in Tucson being rented by co-defendant SORCE.  During surveillance, HSI agents observed OCCHIPINTI load a large crate from the warehouse into a tractor trailer.  A subsequent stop of the tractor trailer revealed the contents of the crate to be a Coca-Cola machine with suitcases inside of the machine.  Inside the suitcases were approximately 85 pounds of cocaine.  The total wholesale value of the 85 pounds of cocaine seized from the Coke machine is between $970,000.00 and $1.4 million, respectively.

While the joint investigation was conducted by law enforcement in Tucson and Chicago, a financial work up was created on OCCHIPINTI.  Between 2014-2016 law enforcement could identify $72,000 of reported wages for OCCHIPINTI, this translates to $24,000 annually in each respective year.  During this same time, it was identified that OCCHIPINTI had approximately $117,152 invested in various vehicles and had spent another $69,655 on miscellaneous expenses such as rent, jewelry, and credit card payments. One large expenditure was for $50,455.00 to ABT Electronics.  Agents identified that OCCHIPINTI was utilizing his girlfriend, Tawney WANER to launder money by placing purchases in her name to conceal his ownership of the assets.

Co-defendant Tawney WANER is OCCHIPINTI'S long time, live-in girlfriend. During interviews, agents learned that when OCCHIPINTI went to his prison work camp

between 2013 and 2014, WANER stepped into his role and she would travel from her home in Las Vegas to Tucson to coordinate, pay for, and at times load crates of drugs onto tractor trailers for transport back to Chicago.  In addition to this, once OCCHIPINTI was released from prison work camp in 2014, WANER helped him facilitate a travel scheme, which ultimately led to the two being charged with 18 U.S.C. § 1028(a)(7) and 49 U.S.C. § 46314. WANER would book airline tickets for OCCHIPINTI under his name and would subsequently book similar travel, under the name of one of her family members.  These airline tickets would be departing from the same airport, at similar times but would land in different locations.  This was done approximately 92 times to avoid detection of OCCHIPINTI's travel from his probation officer and for his drug trafficking activities. OCCHIPINTI would print both boarding passes purchased by WANER.  OCCHIPINTI would then pass through TSA Security checkpoints utilizing his identification and boarding pass.  Once through security, OCCHIPINTI and/or WANER would contact Southwest Airlines and cancel the ticket in OCCHIPINTI's name, getting a credit for that ticket. OCCHIPINTI would then continue with his travels under WANER's family members name, effectively concealing all travel history during this period.

A financial work up on WANER identified that between 2014-2016 WANER earned $20,000 worth of reported income, an average of $6,666.00 annually.  During this same timeframe it was identified that WANER had $1,001,449 in known expenses.  An example of these expenses includes $97,953 worth of Southwest Airlines tickets, $152,641.30 at Louis Vuitton (August 2011 to February 2015), $85,218.61: Cartier Jeweler (August 2013 to February 2015), $83,540.39: Tiffany Jeweler (April 2012 to April 2014), $84,276.00: Las Vegas Warehouse Lease (August 2013 to August 2016).  This warehouse was used to help transship drugs and money between Chicago, Las Vegas, and Tucson.

SPECIFIC ASSETS

**4570 S Century Lane, Tucson, Arizona**- In April 2013, WANER purchased a vacant lot of land located at 4570 S Century Lane, Tucson, Arizona for $35,000 cash.  In an interview with OCCHIPINTI, he stated that he provided WANER with the $35,000 to purchase the land and that they gave the money to co-defendant VERA.  OCCHIPINTI stated that VERA

7

utilized his former brother in law, Richard LEON, another co-defendant (CR-17-1029-007-TUC-RCC) and owner of RAL Construction, LLC to start the home buildout on the land. On May 24, 2015, WANER paid RAL Construction, LLC $29,298.79 in the form of a cashier's check from Bank of America.  The drive by appraised value of the home located on this property is currently $208,000 in its unfinished state.





**Community Bank of Western Springs, account number 0400067153, account holder Anthony V. Occhipinti-**    OCCHIPINTI opened this bank account on July 2, 2012. A review of this bank account activity indicates that during this time OCCHIPINTI had approximately $90,103 worth of credits and $44,000 worth of expenditures.  During this same time frame OCCHIPINTI has admitted to continuously engaging in drug trafficking. Based upon interviews of multiple subjects, to include OCCHIPINTI, it is believed that OCCHIPINTI was making between $60,000 to $300,000 per month on drug transactions. On July 14, 2018, $53,673.72 was seized from this account pursuant to a seizure warrant issued by U.S. Magistrate Judge Leslie A. Bowman.

**JP Morgan Chase, account number 984188110, account holder Tawney L. Waner-** WANER opened this bank account on June 3, 2011.  Between 2014 to 2015, WANER deposited approximately $31,852.00 cash into this account and in 2014 had $3,700 deposited from Metro Capital Funding, the business created by OCCHIPINTI to launder money though and provide WANER with a paycheck. Between June 2015 to April 2016, WANER purchased $12,832.80 worth of airline tickets on Southwest Airlines using this account.  Southwest Airlines is the airlines that WANER and OCCHIPINTI utilized for their travel scheme to conceal OCCHIPINTI'S drug trafficking ventures.  On July 10, 2018, $7,296.08 was seized from this account pursuant to a seizure warrant issued by U.S. Magistrate Leslie A. Bowman.

**2015 Harley-Davidson FLTRX Road Glide Special, VIN 1HD1KTM15FB685630**
This motorcycle was purchased on July 8, 2015 by OCCHIPINTI.  He put $9,000 down on this motorcycle and financed $15,983.32.  A loan statement dated February 7, 2017 indicates that the loan for this motorcycle was paid off.  OCCHIPINTI was arrested in the Chicago portion of this case in May 2016.

**2003 Ford Excursion Limited, VIN 1FMSU43P13EB66818-** OCCHIPINTI is the registered owner of this vehicle and the purchase/title date is listed as June 22, 2008.  S/A Quiri has observed both OCCHIPINTI, and VERA drive this vehicle and WANER ride as a passenger during the course of this investigation.  In 2016, S/A Quiri placed a GPS tracker on this vehicle and it led us to the Tucson Warehouse where the 85lbs of cocaine was loaded onto the tractor trailer.  On April 3, 2016, HSI agents electronically surveilled OCCHIPINTI driving the Excursion from Las Vegas, NV east bound on Interstate 40.  In the Albuquerque, New Mexico area, the New Mexico State Police (NMSP) and HSI Albuquerque conducted a traffic stop of OCCHIPINTI.  During the traffic stop, a certified narcotics detection K-9 alerted to the presence of drugs at the front and drivers side of the vehicle.  During the search of the vehicle, agents observed a large roll of clear cellophane in the rear of the vehicle.  Behind the driver's seat in the rear

9

floorboard a large stack of US currency was discovered. The currency consisted of 5-dollar bills and 10-dollar bills. Inside the vehicle, several boxes of rubber gloves were found. Inside a backpack in the front passenger side floorboard agents discovered a device used to detect the presence of radio frequency (RF) signals transmitted by wireless cameras and microphones that are used in covert body wires. These devices are referred to as "bug detectors." Inside the glove box of the vehicle agents found a large roll of sandwich bags and squares of aluminum foil. Coming from the floorboard in front of the center console agents found an after-market set of three wires. At the end of the three wires a connector was affixed to the wires for an Apple 5 I-phone connection. An I-phone was plugged into this connection with the ignition turned on and the connection was determined not to be a charging source for an I-phone.  Although drugs were not present at the time of the stop, the above items found are all indicators and items utilized in furtherance of drug trafficking.

**1993 GMC Typhoon, VIN 1GDCT18Z4P0811397-** OCCHIPINTI is the registered owner of this vehicle and the purchase/title date is listed as March 25, 2015.  This vehicle has an approximate value range of between $10,000 to $15,000.  Based on my knowledge of OCCHIPINTI and his drug trafficking activity, the money spent on this vehicle was derived from illegal activity.

**2000 Harley-Davidson, VIN 1HD1CGP16YK110410-** OCCHIPINTI purchased this motorcycle in approximately 2015 from Thomas Goerdt. On May 10, 2018 S/A Quiri spoke to Mr. Goerdt who stated that his brother Chris sold the motorcycle for him (T. Goerdt) when he was getting ready to move to Pennsylvania.  Thomas Goerdt provided S/A Quiri his brother Chris's phone number.  S/A Quiri contacted Chris Goerdt and he stated that back in 2014 or 2015 he was working at the Harley Davidson of Lisle, Illinois, here he met OCCHIPINTI and sold him this motorcycle.  At the time of the seizure the motorcycle was still registered to Thomas Goerdt, which, based on my experience, is something commonly

done by criminals who attempt to hide assets from law enforcement.

## STIPULATION

17. That the United States and claimants, Anthony Vincent Occhipinti and Tawney Lace Waner, have reached an agreement, the terms of which are embodied in a Stipulation for Forfeiture.  Pursuant to the terms of that agreement, the parties have agreed to the forfeiture of the Defendant Real Property, Defendant Bank Account One, Defendant Bank Account Two, Defendant Vehicle One, Defendant Vehicle Two, Defendant Vehicle Three, and Defendant Vehicle Four described herein, after the appropriate procedural steps are taken.

Wherefore, plaintiff prays that due process issue to enforce the forfeiture of the Defendant Real Property, Defendant Bank Account One, Defendant Bank Account Two, Defendant Vehicle One, Defendant Vehicle Two, Defendant Vehicle Three, and Defendant Vehicle Four; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; and prays that the Defendant Real Property, Defendant Bank Account One, Defendant Bank Account Two, Defendant Vehicle One, Defendant Vehicle Two, Defendant Vehicle Three, and Defendant Vehicle Four be condemned and forfeited to the United States of America, and delivered to the custody of the United States Homeland Security Investigation and U.S. Customs and Border Protection for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 1st day of June, 2018.

DOMINIC LANZA
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
District of Arizona

*s/ Michael Jette*

MICHAEL JETTE
Assistant United States Attorney

**VERIFICATION**

I, Special Agent Robert Quiri, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Homeland Security Investigations, that I have read the foregoing Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my case, together with others, as a Special Agent of the U.S. Homeland Security Investigations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _June 1, 2018_


Robert Quiri
Special Agent
U.S. Homeland Security Investigations

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

# <u>Civil Cover Sheet</u>

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

---

**Plaintiff
(s):** USA

County of Residence: Pima

County Where Claim For Relief
Arose: Pima

**Defendant 4570 S. Century,
(s):** Tucson, AZ

County of Residence: Pima

Plaintiff's Atty(s):

**Michael Jette , Esq.
US Attorney's Office
405 W. Congress Street, Suite 4800
Tucson, Arizona  85701-5040
520-620-7300**

Defendant's Atty(s):

---

II. Basis of
Jurisdiction:

**1. U.S. Government Plaintiff**

III. Citizenship of
Principal Parties
**(Diversity Cases Only)**

        Plaintiff:-**1 Citizen of This State**
     Defendant:-**1 Citizen of This State**


IV. Origin :          **1. Original Proceeding**


V. Nature of Suit:     **625 Drug Related Seizure of Property 21 USC 881**


VI.Cause of Action:    **18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(4) and (a)(6)**

VII. Requested in
Complaint

      Class Action:**No**
     Dollar Demand:
      Jury Demand:**No**


VIII. This case **IS RELATED** to Case Number **CR 17-1029** assigned to Judge **Collins.**

---

**Signature:  Michael Jette**

   **Date:  06/01/2018**

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

Revised: 01/2014